UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTES

| | |
|---|---|
| LYDIA CURTIN-WILDING, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>vs.<br><br>TRUSTEES OF BOSTON UNIVERSITY,<br><br>    Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Lydia Curtin-Wilding ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows.

## NATURE OF THE ACTION

1. This is a class action, under Federal Rules of Civil Procedure Rule 23, against Defendant Trustees of Boston University's ("Defendant" or "BU") seeking statutory damages in the amount equal to three times their unpaid and/or late paid wages, for Defendant's failure to timely pay wages to Plaintiff and all other exempt employees on a weekly or bi-weekly basis ("Class Members") during the "Class Period" (defined as the period from February 18, 2022, until August 1, 2023), in violation of Massachusetts Wage Act (the "Wage Act"). Plaintiff also seeks an award of costs of the litigation and reasonable attorneys' fees, and interest.

2. The Wage Act ch. 149, § 148 provides in pertinent part, as follows:

> Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week,…

3. Employers who violate these rules by paying their employees' wages after the

1

deadlines provided in the Wage Act are liable to their employees for late payment of wages in an amount equal to three times their unpaid and/or late paid wages, plus prejudgment and post-judgment interest on the amount of unpaid and/or late paid wages, reasonable attorneys' fees, and costs. *See* M.G.L. ch. 149 § 150, and M.G.L. ch. 231, § 6H; *see also Reuter v. City of Methuen*, 184 N.E. 3d. 722, 781 (Mass. 2022); *George v. Nat'l Water Main Cleaning Co.,* 477 Mass. 371 (2017).

4.      Boston University is "a leading private research institution with two primary campuses in the heart of Boston and programs around the world".[1] Boston University has over 37,000 students and employs over 11,000 faculty and staff.[2]

5.      For the year ending on June 30, 2023, Defendant reported over three billion dollars ($3,000,000,000) of revenue and a payroll of over $1.4 billion dollars ($1,400,000,000).[3]

6.      Defendant maintained a uniform policy and/or practice of paying Plaintiff and other Class Members monthly on or about the last business day of each month, even though these employees did not elect to be paid monthly.

7.      Pursuant to the Wage Act, however, Defendant was required to pay Plaintiff and other Class Members no less frequently than bi-weekly and within six days of the termination of the pay period during which the wages were earned. *See* M.G.L. ch. 149 § 148.

8.      Defendant's illegal policy and/or practice of paying Class Members on the last business day of the month resulted in all wages earned in the first half of the month being paid late, in violation of the Wage Act.

9.      Defendant's illegal wage policy and/or practice have resulted in the withholding of millions of dollars in wages, causing harm to Plaintiff and the members of the Class.

---

[1] *See* https://www.bu.edu/homepage (last accessed February 18, 2025).
[2] *See* https://www.bu.edu/about (last accessed February 18, 2025).
[3] *See* Defendant's IRS Form 990 for tax year beginning 7/01/2022 (https://www.bu.edu/cfo/files/2024/05/IRS-Form-990-for-Fiscal-Year-2023.pdf).

2

**JURISDICTION AND VENUE**

10. This Court has jurisdiction under 28 U.S.C. § 1332(d) because this a class action in which the aggregate amount in controversy for the proposed Class exceeds $5,000,000, and at least one member of the Class (i.e., Plaintiff) is a citizen of a state different from that of Defendant.

11. Venue is appropriate in this Court under 28 U.S.C. § 1391 because Defendant resides within this judicial district.

12. On February 19, 2025, Plaintiff requested authorization from the Massachusetts Office of the Attorney General, Fair Labor Division, to pursue her claims for late paid wages, on behalf of herself and on behalf of all other similarly situated employees, against Defendant. (Plaintiff's Private Right of Action Authorization is forthcoming).

**PARTIES**

13. Plaintiff resides in East Greenwich, Rhode Island. Plaintiff has been employed by Defendant as a Lecturer since August 2015. Throughout the Class Period, Plaintiff was paid monthly on the last business day of the month.

14. Defendant is located in Boston, Massachusetts, with its principal place of business at One Silber Way, Boston, Massachusetts.

**FACTUAL ALLEGATIONS**

15. During the Class Period, Defendant paid Plaintiff and the Class Members on a monthly basis.

16. For example, Defendant paid Plaintiff her earnings for the pay period commencing on December 1, 2022, and ending on December 31, 2022, on December 30, 2022.

17. Plaintiff and the Class never elected at their own option to be paid on a monthly basis.

18. Under the Wage Act ch. 149, § 148, Defendant should have paid Plaintiff wages earned for the work she performed during the first fifteen days of the month no later than December 21, 2022. By delaying the payment of Plaintiff's wages earned during the first fifteen days of the month until the end of December, Defendant deprived Plaintiff of these funds in violation of the

Wage Act.

## **CLASS ACTION CLAIMS**

19. Plaintiff brings this action individually and on behalf of all other members of the Class, defined as:

> All exempt employees of Boston University, who were paid monthly (or on a less frequent basis) at any time between February 18, 2022, and August 1, 2023.

20. Class certification is appropriate under Federal Rules of Civil Procedure, Rule 23, because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class.

    a.    <u>Numerosity</u>: The potential members of the Class as defined are so numerous and so diversely located throughout Massachusetts (as well as outside the state), that joinder of all the members of the Class is impracticable.

    b.    <u>Commonality</u>: There are questions of law and fact common to the Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

        i.    Whether Plaintiff and Class Members were paid once a month, on or about the last business day of the month;

        ii.    Whether Defendant's pay schedule for Plaintiff and Class Members violates the Wage Act ch. 149, § 148; and

        iii.    Whether Plaintiff and Class Members elected at their own option to be paid monthly.

    c.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class. The claims of Plaintiff are based on the same legal theories as the claims of the Class Members and challenge the same conduct of Defendant. Plaintiff was paid under the same pay schedule as the other Class Members, which resulted in late payment of wages in the same way and with the same frequency.

      d.    <u>Adequacy of Representation</u>: Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class. Plaintiff's interests do not conflict with those of the Class Members. Counsel who represent Plaintiff are competent and experienced in litigating large wage and hour class action and will devote sufficient time and resources to the case and otherwise adequately represent the Class.

      e.    <u>Superiority of Class Action</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Thus, aggregation of individual claims into a class action is far more superior and efficient than bringing individual actions. Bringing this action as a class action will also prevent duplication of efforts and expense that individual actions would entail, and will avoid the risk of inconsistent or varying adjudication of the issues presented herein, which, in turn, would establish incompatible standard for conduct of Defendant.

## COUNT I

**Violation of the Wage Act ch. 149, § 148 for Late Payment of Wages**

21.    Plaintiff realleges and incorporates the allegations contained in every paragraph of this Complaint.

22.    Throughout the Class Period, Defendant maintained a uniform policy and/or practice of paying Plaintiff and Class Members their wages on or about the last business day of each month, even though Plaintiff and the Class Members did not choose or elect at their own option to be paid monthly.

23.    Defendant's policy and practice of paying the Plaintiff and Class Members on or about the last business day of the month resulted in all of the wages earned by the Plaintiff and Class Members in the first half of the month being paid approximately nine days late and in Plaintiff

5

and the Class Members being denied the timely and prompt payment of their wages and the use of those wages, in violation of the Wage Act.

24.     As a result, Defendant is liable to the Plaintiff and the Class for three times the amount of their late paid wages, plus interest, costs of the litigation and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A.     That the Court determine that this action may be maintained as a class action under Federal Rules of Civil Procedure, Rule 23, and define the Class as requested herein;

B.     That the Court find and declare that Defendant's policy and/or practice of paying Class Members once per month, on or about the last business day of the month, violated the Wage Act.

C.     That the Court award Plaintiff and Class Members statutory damages in the amount equal to three times their unpaid and/or late paid wages, pursuant to the Wage Act ch. 19, § 150.

D.     The Court award Plaintiff reasonable attorneys' fees and costs of litigation, pursuant to the Wage Act ch. 19, § 150.

E.     That the Court award Plaintiff and Class Members all prejudgment interest on their unpaid and/or late paid wages, pursuant G.L. ch. 231, § 6H, and post-judgment interest.

F.     That the Court award such other and further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff, on behalf of herself and the Class, demands a trial by jury as to the allegations in this Complaint.

Dated: February 19, 2025

Respectfully submitted,

*Fran L Rudich*

Fran Rudich (BBO 548612)

HAMMONDLAW PC
1201 Pacific Ave 6th Floor
Tacoma, WA 98402
Telephone (310) 601-6766
Facsimile: 310 295--2385
fmarks@hammondlawpc.com

7