# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYDIA CURTIN-WILDING,<br>individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>TRUSTEES OF BOSTON UNIVERSITY<br><br>        Defendant. | Case No. 1:25-cv-10432-WGY |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR RECUSAL

Defendant Trustees of Boston University ("Boston University" or the "University") violated the Massachusetts Wage Act, M.G.L. ch. 149 § 148, over several years by failing to pay employees including Plaintiff on a weekly or bi-weekly basis. ECF No. 1 ("Compl.") ¶¶ 1-2. Plaintiff seeks to represent a class of all exempt employees of the University "who were paid monthly (or on a less frequent basis) at any time between February 18, 2022, and August 1, 2023." *Id.* ¶ 19. The University moves to recuse Judge William G. Young, based on the mere fact that Judge Young was a part-time lecturer at the University's law school in a time period that ended two years before the class period. ECF No. 21. The motion should be denied.

## BACKGROUND

According to the declaration of Ellen Frentzen, Assistant Dean for Administration at Boston University School of Law (ECF No. 22-1), Judge Young served as a part-time lecturer at the law school from January 1979 to May 2020. Frentzen Decl. ¶¶ 1-2. According to Frentzen,

Judge Young was compensated on a per-course basis during each semester he was employed at the University and received his compensation in monthly installments. *Id.* ¶ 3. And according to Frentzen, Judge Young was covered by the "collective bargaining agreement that covered part-time lecturers at Boston University." *Id.* ¶ 4. The University asserts no additional facts that it argues warrant recusal.

## **ARGUMENT**

The University asserts that Judge Young's recusal is "warranted under both subsections (a) and (b) of 28 U.S.C. § 455." ECF No. 22 ("Mot.") at 2. As the University points out, § 455(a) directs that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The University cites some caselaw applying § 455(a), Mot. at 2-3, but it makes no attempt to explain why Judge Young's impartiality might be reasonably questioned. Its argument for recusal in fact relates exclusively to subsection 455(b). *See* Mot. at 3-4. Accordingly, recusal based on subsection 455(a) should be denied.

Turning to subsection 455(b), the University relies on (b)(1), which directs that a judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The University leans on the second clause, arguing that Judge Young has personal knowledge of disputed evidentiary facts.

The University first asserts that Judge Young has "extrajudicial knowledge of the way *he* was compensated and how *his* compensation structure was communicated to him." Mot. at 3 (emphasis added). Both things might be true, but neither is relevant to a *disputed* evidentiary fact in this case. Frentzen avers that Judge Young was paid monthly, and the University asserts that he was compensated in the "same manner as the putative class members Plaintiff seeks to represent

in this case." Mot. at 2. Plaintiff certainly does not contest that the University paid employees monthly, Judge Young included. The fact that the University has been doing so is the entire reason for this lawsuit. Secondly, this case can be resolved without a factfinder having any idea of "how [Judge Young's] compensation structure was communicated to him." By the University's own telling, Judge Young began teaching in 1979, over four decades ago and well before the class period, and Judge Young is not a member of the Class. Judge Young might remember whether and even *how* it was communicated to him some 46 years ago that he could opt out of being paid monthly (though he'd be forgiven for not remembering), but that would give Judge Young no personal, unique knowledge about whether Class Members were given the choice or elected to be paid monthly in the four decades since. Similarly, the University cannot seriously argue that it would rely upon Judge Young and his experience to prove whether Class Members (i.e., people other than Judge Young) were presented with such a choice. Simply put, Judge Young's recollection of his own, unique experience with the University from many years ago isn't personal knowledge of, if and how Class Members elected to be paid monthly. "Mere prior knowledge of some facts concerning a litigant . . . is not in itself necessarily sufficient to require disqualification." *United States v. Seiffert*, 501 F.2d 974, 978 (5th Cir. 1974) (citation omitted).

The University also asserts that "Judge Young may also personally know key witnesses." The University offers up no example of such a witness and therefore its assertion is pure conjecture and should not support recusal. *Cf. United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982) ("[S]ection 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the *merest unsubstantiated suggestion* of personal bias or prejudice.") (emphasis added). That same level of conjecture could similarly be applied with all judges in this District: judges are often active in law schools and have professional relationships with members

of the legal community and most of the judges in this District sit in Boston, not far from the University's law school.

Lastly, although the University doesn't discuss it in its argument section, it mentions earlier in its brief that Judge Young was part of the same collective bargaining agreement as part-time lecturers at the University. Mot. at 2. That fact, if true, would not weigh in favor of recusal either. Assuming that is indeed the case, the University makes no attempt to explain how that relates to any relevant, *disputed* evidentiary fact. Even if Judge Young were covered by the same collective bargaining agreement used by every single member of the Class, he would possess no unique, personal knowledge about whether Class Members were part of that agreement, what were the contents of the agreement, or whether Class Members were paid once a month pursuant to that agreement. And to the extent either party intends to rely on a collective bargaining agreement (an agreement pertaining to *Class Members*, not Judge Young), it will have to introduce that evidence through the appropriate avenues, and in doing so the agreement will no longer be extrajudicial.

In sum, the University points to no way in which Judge Young's time with the University, which began in 1979 and ended before the class period, gives him *personal* knowledge of *disputed* evidentiary facts that would warrant recusal. Merely having some prior knowledge of some facts concerning the University is not sufficient to disqualify a judge, *Seiffert*, 501 F.2d at 978, and that is in essence what the University asserts. The Court should deny the University's motion to recuse.


Dated: April 25, 2025                                       Respectfully submitted,

                                                            */s/Julian Hammond*
                                                           Julian Hammond
                                                           Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

  /s/ Ari Cherniak

Ari Cherniak
     intiff