UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-10432-RGS

LYDIA CURTIN-WILDING,
individually and on behalf of all others similarly situated

v.

TRUSTEES OF BOSTON UNIVERSITY

MEMORANDUM AND ORDER ON MOTION TO DISMISS

May 23, 2025

STEARNS, D.J.

Plaintiff Lydia Curtin-Wilding filed this putative class action against defendant Trustees of Boston University (BU). She alleges that BU failed to timely pay her wages on a weekly or bi-weekly basis, in violation of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148 (Wage Act). Curtin-Wilding seeks statutory damages equal to three times the amount of her late paid wages, plus interest and attorneys' fees and costs. BU moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court will deny the motion.

## BACKGROUND

Since August of 2015, BU, a private research institution of higher education with campuses in Boston, employed Curtin-Wilding, a Rhode

Island resident, as a salaried Lecturer.  Compl. (Dkt. # 1) ¶ 13.  BU paid
Curtin-Wilding on a monthly basis on or about the last business day of each
month, although Curtin-Wilding "never elected at [her] own option" to be
paid on a monthly basis.  *Id.* ¶¶ 15, 18.  She claims that BU's policy resulted
in the wages that she and the putative class members earned in the first half
of the month from February 18, 2022, until August 1, 2023, being paid
approximately nine days late, in violation of the Wage Act.  *Id.* ¶¶ 18, 23.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must
contain sufficient factual matter, accepted as true, to 'state a claim to relief
that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009),
quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Two basic
principles guide the court's analysis.  "First, the tenet that a court must
accept as true all of the allegations contained in a complaint is inapplicable
to legal conclusions."  *Iqbal*, 556 U.S. at 678.  "Second, only a complaint that
states a plausible claim for relief survives a motion to dismiss."  *Id.* at 679.  A
claim is facially plausible if its factual content "allows the court to draw the
reasonable inference that the defendant is liable for the misconduct alleged."
*Id.* at 678.  If the allegations in the complaint are "too meager, vague, or
conclusory to remove the possibility of relief from the realm of mere

conjecture," the complaint will be dismissed. *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc).

## DISCUSSION

The Wage Act "was intended and designed to protect wage earners from the long-term detention of wages by unscrupulous employers." *Rueli v. Baystate Health, Inc.*, 835 F.3d 53, 60 (1st Cir. 2016), quoting *Melia v. Zenhire, Inc.*, 462 Mass. 164, 170 (2012). The Act requires that:

> [e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week.

Mass. Gen. Laws ch. 149, § 148; *Rueli*, 835 F.3d at 60. The Act allows private plaintiffs to sue for treble damages, attorneys' fees, and costs. Mass. Gen. Laws ch. 149, § 148.

To state a claim under the Wage Act, a plaintiff must allege that: (1) she was an employee under the statute; (2) her form of compensation constitutes a wage under the statute; and (3) the defendants violated the statute by not paying her wages in a timely manner. *Klauber v. VMware, Inc.*, 599 F. Supp. 3d 34, 46 (D. Mass. 2022), *aff'd*, 80 F.4th 1 (1st Cir. 2023). Here, there is no dispute that Curtin-Wilding was an employee or that her form of

compensation constituted wages within the meaning of the Wage Act. As a Lecturer employed by BU since August of 2015, Curtin-Wilding plausibly alleges that she received her wages on the last business day of the month instead of bi-weekly or within six days of the termination of the pay period during which her wages were earned – and that she never elected to be paid on a monthly basis. *See* Compl. ¶¶ 6-7, 13, 17. Consequently, the Complaint sufficiently pleads that the delayed payments violated the Act.

BU contends that Curtin-Wilding "cannot avail herself" of the Wage Act because she "does not have standing" as a Rhode Island resident who worked remotely for BU. *See* Dkt. # 32 at 3. The application of the Wage Act to extraterritorial employees of a Massachusetts-based employer is determined by a choice-of-law analysis – in particular, which state has "the more significant relationship" to the plaintiff's employment. *Viscito v. Nat'l Plan. Corp.*, 34 F.4th 78, 83 (1st Cir. 2022); *Dow v. Casale*, 83 Mass. App. Ct. 751, 756 (2013) (holding that an employee could bring a claim under the Wage Act so long as Massachusetts had "the most significant relationship" to the parties and to their employment situation). A state may apply its local law provided "such application of this law would be reasonable in the light of the relationship of the [S]tate and of other [S]tates to the person, thing or

occurrence involved." *Dow*, 83 Mass. App. Ct. at 756-757, quoting Restatement (Second) Conflict of Laws § 9 (1971).

At this stage, the court finds that Massachusetts, rather than Rhode Island, has the "more significant relationship" to Curtin-Wilding's employment. *See Viscito*, 34 F.4th at 83. Here, Curtin-Wilding is employed by BU, "a leading private research institution with two primary campuses in the heart of Boston" and a principal place of business in Massachusetts. Compl. ¶¶ 4, 11, 14. Although Curtin-Wilding allegedly teaches an online program, she educates a student body which is enrolled at the Massachusetts-based BU campuses. Compl. ¶ 14.

The parties also dispute whether Curtin-Wilding is covered under a Collective Bargaining Agreement between BU and the Service Employees International Union, Local 509, and, consequently, whether her claim is preempted by Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. *See* Dkt. # 24 at 2, 5; Dkt. # 30 at 10. However, when resolving a Rule 12(b)(6) motion to dismiss, the court is confined to "the complaint, documents attached to it, and documents expressly incorporated into it." *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 71-72 (1st Cir. 2014). The Collective Bargaining Agreement, along with Curtin-Wilding's declaration that she is the Director for the Health Communications Program,

are neither attached to nor expressly incorporated into the Complaint, and therefore, are not properly before the court. The proper vehicle to allow the court to consider material extraneous to the Complaint is by way of a motion for summary judgment based on a more developed factual record.

## ORDER

For the foregoing reasons, BU's motion to dismiss the Complaint is DENIED.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

6