**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LYDIA CURTIN-WILDING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUSTEES OF BOSTON UNIVERSITY,<br><br>Defendant. | Civil Action No. 1:25-CV-10432-RGS |

**PLAINTIFF'S MOTION TO CERTIFY QUESTION OF LAW TO THE**
**MASSACHUSETTS SUPREME JUDICIAL COURT**

Boston University has filed a motion for judgment on the pleadings, arguing that Section 113 of Chapter 9 of the Acts of 2025 immunizes it from Plaintiff's and putative class claims. (Doc. 39, 40.)  Plaintiff intends to oppose Defendant's motion on the grounds that Section 113 violates the Massachusetts Constitution.

Section 113 is a new statute with sweeping retroactive effect and no controlling precedent, and its application raises substantial constitutional concerns under the Massachusetts Declaration of Rights.  Accordingly, Plaintiff, through her undersigned counsel, hereby moves for an order from this court certifying this matter to the Massachusetts Supreme Judicial Court for adjudication on the question of the constitutionality of Section 113 of Chapter 9 of the Acts of 2025 as applied to this case. (A copy of the Act is attached hereto as Exhibit "A").

> The SJC may "answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, or of the District of Columbia, or a United States District Court, or the highest appellate court of any other state when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this court."

Mass. SJ.C. Rule 1:03 Uniform Certification of Questions of Law, Section 1.[1]

## I.    Certification to the SJC Is Necessary and Appropriate

District or Circuit Courts of the United States "may certify questions to the SJC in cases, such as this, where it finds no controlling precedent and where the questions may be determinative of the pending cause of action. *See* Mass. S.J.C. Rule 1:03; *Easthampton Sav. Bank v. City of Springfield,* 736 F.3d 46, 50 (1st Cir. 2013), *certified question answered,* 470 Mass. 284, 21 N.E.3d 922 (2014) (noting that the court has "a long history of certifying appropriate questions to the SJC," and "[t]he SJC has affirmatively responded to those certified questions.") (citing cases); *see also Boston Gas. Co. v. Century Indem. Co.,* 529 F.3d 8, 13 (1st Cir. 2008) (recognizing benefits of certification to the SJC if the Court is presented with novel, dispositive question of law); *Turner v. City of Boston,* 760 F. Supp. 2d 208, 214 (D. Mass. 2011), *certified question answered,* 462 Mass. 511, 969 N.E.2d 695 (2012) (certifying questions where state law was challenged as unconstitutional under the Ex Post Facto Clause of the U.S. Constitution; "[a]s it is a provision of state, rather than federal, law that must be construed, it is most appropriate that the state courts do so authoritatively.")

Here, both conditions are met.  This case presents the question of whether the retroactive application of newly enacted Section 113 of Chapter 9 of the Acts of 2025 to dismiss the instant action would violate the due process protections found in the Massachusetts Declaration of Rights. Stated otherwise, if Section 113 is deemed constitutional and retroactive, Plaintiff's case and the claims of the putative class may be extinguished in their entirety. Conversely, if Section 113 cannot constitutionally apply to pending claims, the case proceeds on the merits.  Thus, the first

---

[1] Section 2. Method of Invoking. "This rule may be invoked by an order of any of the courts referred to in Section 1 upon that court's own motion or upon the motion of any party to the cause."

2

requirement, that state law "may be determinative" of the present action is met here. There is no "controlling precedent" since this law was signed by the Governor on July 4, 2025. Thus, the second requirement for certification is also met here.

Certification is particularly appropriate here because any answer a federal court may give on the constitutionality of Section 113 will not be a final answer. Any ruling by this court would not end the litigation because Plaintiff would then have the right to appeal to the First Circuit and ask that court to certify this issue to the SJC. Further, there are presently three other similar cases pending in the superior courts which would have a direct right of appeal to the SJC without seeking a certification order. The SJC, being the sole and final arbiter of issues of Massachusetts law, would then rule notwithstanding any decision of this court and could disagree with it. In this event, this court might issue a ruling prejudicing a party when the SJC later issues a different ruling. For these reasons, this court should certify this matter to the SJC for adjudication.

Defendant has expressed an intent to challenge this motion on grounds that there is, generally, controlling precedent for the adjudication of statutes that apply retroactively. *Dutra v. Trs. Of Bos. Univ.,* 96 F4th 15 (1st Cir. 2024); *Nantucket Conservation Fund v. Russell Mgmt., Inc.* 380 Mass. 212 (1980); *Am. Mfrs. Mut. Ins. Co. v. Comm'r of Ins.,* 374 Mass. 181 (1974.) However, the anticipated challenge misconstrues the question involved. Plaintiff does not seek to certify the question of the appropriate framework to analyze the constitutionality of a statute's retroactive effect (i.e. the three-part balancing test articulated in *Dutra*) but whether Section 113 is, in fact, constitutional insofar as it applies retroactively. This piece of legislation was signed into law less than one month ago and there is no controlling precedent as to any aspect of this new law, including application of the three-part balancing test. Furthermore, this case is quite different than *Dutra*. *Dutra* involved the question of whether the public health issues raised by the COVID pandemic

3

outweighed the rights of students to a tuition refund arising out of the cancelation of in-person lectures by government decree.  Here, Defendant was not under any government decree requiring it to pay monthly instead of bi-weekly – to the contrary, the Wage Act prohibited the monthly payment of wages.

Since the question Plaintiff seeks to certify involves the application and construction of a Massachusetts law, the Supreme Judicial Court is the appropriate venue to resolve the question. *See, e.g.  Difiore v. American Airlines, Inc.*  454 Mass. 486 (2009) (resolving a question certified by the Federal District Court as to the application of "service charges" in the Massachusetts Tip Credit Statute.)

## II.    **Proposed Certified Question**

For the reasons stated above, the Court should certify the following question to the Massachusetts Supreme Judicial Court:

> Would the retroactive application of the immunities provided by Section 113 of Chapter 9 of the Acts of 2025 violate the due process rights under the Massachusetts Declaration of Rights of the Plaintiff and putative class members who were employees at BU paid monthly in violation of the Wage Act who have pending claims for penalty damages arising out of violations of the Wage Act occurring prior to the enactment of Section 113?

Dated:  August 1, 2025

Plaintiff,
LYDIA CURTIN-WILDING, individually and
on behalf of all others similarly situated,
By her Attorneys,

_/s/ Julian Hammond_

Julian Hammond (*pro hac vice*)
jhammond@hammondlawpc.com
Ari Cherniak (*pro hac vice*)
acherniak@hammondlawpc.com
Polina Brandler (*pro hac vice*)
pbrandler@hammondlawpc.com
HAMMONDLAW, PC
1201 Pacific Ave., 6th Floor
Tacoma, WA 98402
Tel:  (310) 601-6766

_/s/ Raymond Dinsmore_

Raymond Dinsmore, Esq. (BBO # 667340)
Ryan B. Guers, Esq. (BBO # 713870)
Hayber, McKenna & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA 01144
Tel:  (413) 785-1400
Fax:  (860) 218-9555
Email: rdinsmore@hayberlawfirm.com
        rguers@hayberlawfirm.com

**LOCAL RULE 7.1 CERTIFICATION**

I, Raymond Dinsmore, counsel for the Plaintiff, hereby certify that Plaintiff's counsel have conferred and have attempted in good faith to fully resolve or narrow areas of disagreement prior to filing this motion.  In particular, on July 30 and 31, 2025, I conferred with counsel for Defendant regarding the subject of this Motion via email and offered to discuss the issue over the telephone. Defendant's counsel indicated that Defendant would not agree to the relief requested herein on July 31, 2025 via email.

Dated:  August 1, 2025                                      _/s/ Raymond Dinsmore_____
                                                                        Raymond Dinsmore

**CERTIFICATE OF SERVICE**

I, Polina Brandler, hereby certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on August 1, 2025, and to any unregistered participants via email.

　　　　　　　　　　　　　　　　*/s/ Polina Brandler*
　　　　　　　　　　　　　　　Raymond Dinsmore (*admitted pro hac vice*)